UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD ALAN PATE,

       Petitioner,

v.                                       CASE NO. 6:08-cv-1848-Orl-31GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

       Respondents.

_____

## ORDER

       Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts* (Doc. No. 8). Petitioner filed a reply to the response (Doc. No. 15).

       Petitioner asserts one claim for relief in his habeas petition, that appellate counsel was ineffective for failing to raise on appeal the issue that the trial court erred in applying the doctrine of collateral estoppel to deny his motion to suppress.

## I.   *Procedural History*

       Petitioner was charged in the Seventh Judicial Circuit Court for Volusia County by information in case number 03-34239 with false imprisonment and robbery.[1] Petitioner was

_____

[1] State court case number 03-34239 is the only case at issue in this Court.

also charged with other offenses in several other cases in Volusia County and the Seventh Judicial Circuit Court for Flagler County. After Petitioner was arrested in all of these cases, the police questioned him and searched his residence and a bag he had been carrying. Petitioner filed a motion to suppress in both his Volusia County and Flagler County cases. A hearing was held first in the Flagler County cases, and the state court denied the motion. Thereafter, the Volusia County circuit court found that it was collaterally estopped from re-litigating the suppression issue because the parties were the same, the issues were the same, and the issue was fully litigated in the Flagler County Circuit Court.

Petitioner entered into a plea to all of the cases in Volusia County, and under the terms of the agreement, the cases were consolidated and transferred to Flagler County for sentencing. Petitioner also reserved his right to challenge the Volusia County circuit court's denial of his motion to suppress. The state court sentenced Petitioner in case 03-34239 to five years imprisonment for the false imprisonment count and to fifteen years imprisonment for the robbery count. The counts were ordered to run concurrently to each other and to the sentences imposed in the Volusia County cases. However, the robbery sentence was ordered to run consecutively to one of the Flagler County cases, case number 03-00606.

Petitioner appealed the Volusia County case, and while the appeal was pending he filed a Rule 3.800(b) motion to correct sentence pursuant to the Florida Rules of Criminal Procedure. The state court held a hearing on the motion and then entered an order clarifying Petitioner's sentences. On appeal, Petitioner argued two grounds, that the trial

court erred in denying his motion to suppress and that the trial court erred in failing to correct his sentence to reflect the court's original oral pronouncement. The Fifth District Court of Appeal affirmed in part, and reversed and remanded for correction of the sentencing order, as the written order varied from the oral pronouncement. *Pate v. State*, 929 So. 2d 1137 (Fla. 5th DCA 2006). Petitioner also appealed the denial of the motion to suppress in the Flagler County cases. The Fifth District Court of Appeal affirmed with respect to the suppression issue. *Pate v. State*, 915 So. 2d 250 (Fla. 5th DCA 2005).

Petitioner then filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, raising three claims for relief relating to the Volusia County case. The state trial court summarily denied the motion, and the state appellate court *per curiam* affirmed the lower court's denial of the motion. Petitioner also filed a state petition for writ of habeas corpus alleging ineffective assistance of appellate counsel with the Fifth District Court of Appeal. The court denied the petition on the merits. The instant federal habeas corpus petition follows.

## II.    *Legal Standards*

### A.    *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[2] *Id.*

---

[2]In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## B.    *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[3]  *Id.* at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id.* at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

---

[3]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III.   *Analysis*

In his sole ground for relief Petitioner argues that appellate counsel was ineffective for failing to argue on appeal that the Volusia County circuit court improperly denied his motion to suppress on collateral estoppel grounds. After Petitioner was arrested for several cases in Volusia and Flagler Counties, the police questioned Petitioner and searched his residence and a bag he had been carrying. The evidence the police obtained was related to a series of burglaries Petitioner had committed in both counties. Petitioner filed a motion to suppress in both the instant case and in his Flagler County cases. The circuit court for Flagler County heard the motion to suppress first, and denied the motion.

After the motion was denied, the circuit court for Volusia County determined that Petitioner could not re-litigate the motion to suppress pursuant to the principle of collateral estoppel. (App. A at 114). In denying Petitioner's motion, the court stated the following:

> The question presented in this case, filed in Volusia County, is whether the defendant is collaterally estopped by Judge Rouse's ruling [in the Flagler County Cases.] Both res judicata and collateral estoppel apply in a criminal case and civil context. *Thompson v. Crawford*, 479 So. 169 (Fla. 3d DCA 1985) and *Brown v. State*, 397 So. 2d 320 (Fla. 2d DCA 1981).

> "Collateral Estoppel is a judicial doctrine which in general terms prevents identical parties from re-litigating the same issues that have already been decided." *Department of Health and Rehabilitative Service v. B.J.M.*, 656 So. 2d 906 (Fla. 1995). Under Florida Law collateral estoppel, or issue preclusion, applies when "the identical issue has been litigated between the same parties or their respective privies." *Gentile v. Bauder*, 718 So. 2d 781 (Fla. 1998). The matter must be fully litigated and determined in a contest [sic] that results in a final decision by a court of competent jurisdiction. *State v. McBride*, 848 So. 2d 287 (Fla. 2003).

> Collateral estoppel has a broad application in criminal law settings. In *Morris v. State*, 2004 WL 784855 (Fla. 3d DCA April 14, 2004), the State was barred in a subsequent prosecution where the district court relied upon *Ash v. Swenson*, 397 So. 2d 436 (1970) [sic] in finding that collateral estoppel is embodied in the Fifth Amendment guarantee against double jeopardy. In *United States v. Hamilton*, 931 F.2d 1046 (5th Cir. 1991) the court, without resolving the issue, supported the use of collateral estoppel to preclude the re-litigation of issues already decided.

> The concept of collateral estoppel has been applied specifically to the issue presented in this case. In *United States v. Thorensen*, 428 F.2d 654 (9th Cir. 1970), the denial of a motion to suppress evidence under an indictment that was later dismissed collaterally estopped the defendant from moving to have the same evidence suppressed under a new indictment. In *United States v. Levassea*, 699 F.Supp. 965 (D. Mass. 1986), the court established five criteria in determining that defendants were collaterally estopped from re-litigating a motion to suppress when the issue has already been litigated and ultimately denied in another federal court involving the same defendants. Again in *United States v. McNair*, 439 F.Supp. 103 (E.D. Penn. 1977) [sic], *aff'd*, 571 F.2d 573 (3d Cir.) *cert. denied*, 435 U.S. 976 (1978), a defendant being tried

by two courts for two different bank robberies was collaterally estopped by the record from seeking to suppress evidence which implicated him in both robberies after the issue was litigated in the first court.

In the Florida case of *Brown v. State*, 397 So. 2d 320 (Fla. 2d DCA 1981), the court held that denial of motions to suppress in a bookstore robbery was proper under the theory of collateral estoppel where the same witness identification was the subject of a prior suppression motion denied in a market robbery case.

The collateral estoppel doctrine, being one of equity involving issue preclusion, is not without exception. In cases where the ends of justice would not be met or a manifest injustice would occur, the doctrine can be avoided. *State v. McBride*, 848 So. 2d 287 (Fla. 2003). No such claim is made in this case.

In essence the defendant filed a motion to suppress in his Flagler County cases. He fully litigated that motion in an extended hearing before Judge Rouse. The State and defendant were represented by counsel who strongly contested the issue. The parties were the same, the issues were the same, and the motion was denied on all grounds as announced by Judge Rouse. A copy of that proceeding has been filed in this action so that the defendant's right to an appellate review is protected.

(App. A. at 114-16).

On direct appeal, Petitioner argued that the trial court erred in denying his motion to suppress. (App. F.) Petitioner did not make the argument that the trial court erred in applying collateral estoppel and instead argued the merits of the motion to suppress. *Id.* The Fifth District Court of Appeal affirmed the lower court's denial of the motion to suppress. *Pate v. State*, 929 So. 2d 1137 (Fla. 5th DCA 2006). Petitioner then raised in a state petition for writ of habeas corpus the claim that appellate counsel was ineffective for failing to argue the issue that the trial court improperly denied his motion to suppress on

collateral estoppel grounds. (App. T.) The Fifth District Court of Appeal denied the petition. (App. W.)

Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under *Strickland*. *See Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991). Appellate counsel need not brief issues reasonably considered to be without merit. *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984). Appellate counsel must be allowed to exercise his or her reasonable professional judgment in selecting those issues most promising for review, and "[a] brief that raises every colorable issue runs the risk of burying good arguments." *Jones v. Barnes*, 463 U.S. 745, 753 (1983). In order to establish prejudice, the Court must first review the merits of the omitted claim. *See Heath*, 941 F.2d at 1132. Counsel's performance will be deemed prejudicial if the Court finds that "the neglected claim would have a reasonable probability of success on appeal." *Id.*

Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. There is no indication that had appellate counsel raised the instant claim on appeal that the appellate court would have reversed the denial of the motion to suppress. Pursuant to Florida law, collateral estoppel applies in a case if (1) an identical issue is disputed, (2) that has previously been fully litigated, (3) by the same parties or their privies, and (4) a final decision has been rendered by a court of competent jurisdiction. *Stogniew v. McQueen*, 656 So. 2d 917, 919-20 (Fla. 1995); *Essenson*

*v. Polo Club Associates*, 688 So. 2d 981, 983 (Fla. 2d DCA 1997); *Quinn v. Monroe County*, 330 F.3d 1320, 1329 (11th Cir. 2003).

In *Brown v. State*, 397 So. 2d 320 (Fla. 2d DCA 1981), the Second District Court of Appeal upheld the application of the collateral estoppel doctrine in a similar situation. The appellants in *Brown* were convicted of robbing the Breeze-in-Market, located in Pinellas County, and an adult bookstore in Pasco County. *Id.* at 322. The robberies were committed within two hours of each other. *Id.* The bookstore clerk made an identification of two of the three appellants as the men who were involved in the robbery. *Id.* Appellants moved to suppress the out-of-court identification in both the Pinellas County case and the Pasco County case, and those motions were denied. *Id.* The denial of the motion to suppress in the Pasco County case was premised on the fact that the motion had previously been ruled on in the Pinellas County case. *Id.*

The Second District Court of Appeal found that although the causes of action were not the same, the parties were identical, the issues presented were identical, and the issue had been fully litigated in the Pinellas County case. *Id.* at 322-23. The court held that the Pasco County circuit court properly relied upon collateral estoppel in denying the motion to suppress. *Id.* at 323. Similar to the *Brown* case, the motion to suppress in the Volusia County case was identical to the motion to suppress in the Flagler County cases, as there was one search of Petitioner's home and one statement taken. Therefore, the same or identical issue was disputed in both the Volusia and Flagler County cases. Furthermore, the issues raised by the motion to suppress in the Volusia County case had been fully

litigated in the Flagler County cases by identical parties. Finally, the Flagler County circuit court, a court in the same circuit as the Volusia County circuit court, made a final decision denying the motion to suppress. As every element of the collateral estoppel doctrine has been met, Petitioner has not demonstrated that the Volusia County circuit court improperly applied the doctrine of collateral estoppel to his case.

Moreover, even if the Volusia County Circuit Court had improperly applied the collateral estoppel doctrine, Petitioner still is not entitled to relief. Appellate counsel argued the merits of the Volusia County motion to suppress on appeal, and the Fifth District Court of Appeal affirmed. *Pate v. State*, 929 So. 2d 1137 (Fla. 5th DCA 2006). Petitioner has not shown that appellate counsel acted deficiently or that any such deficiency prejudiced the outcome of the appeal. The instant claim did not have a probability of success on appeal. The state appellate court's determination that the instant claim was without merit is not objectively unreasonable. Accordingly, this claim is denied pursuant to § 2254(d). Further, any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV. Certificate of Appealability

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Secretary Department*

*of Corrections*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Petitioner has failed to make a substantial showing of the denial of a constitutional right. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  The Petition for Writ of Habeas Corpus filed by Richard Alan Pate (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2.  Petitioner is **DENIED** a Certificate of Appealability.

3.  The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 15th day of June, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 6/15
Counsel of Record
Richard Alan Pate